UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE CIVIL DIVISION

CASE NO.

JOEL PRICE,

    Plaintiff,

v.

CITY OF LAKE CITY, FLORIDA,

    Defendant,

**AMENDED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF**

COMES NOW Plaintiff Joel Price ("Plaintiff), by and through his undersigned counsel, and hereby files this Amended Complaint against Defendant the City of Lake City, Florida ("Defendant") for declaratory and injunctive relief, attorney's fees and costs (including, but not limited to, court costs and expert fees) pursuant to Title II of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §12131 et. seq. ("ADA") and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §794 ("Section 504") and alleges as follows:

**INTRODUCTION**

1. This is an action under Title II of the Americans with Disabilities Act of 1990 and under Section 505 of the Rehabilitation Act of 1973 through which Section 504 of the Rehabilitation Act of 1973 ("Rehabilitation Act") is enforced to redress unlawful disability-based practices and to make Plaintiff Joel Price whole.

2. City of Lake City, Florida ("Defendant") is a public entity which has provided the website URL www.lcfla.com as an information portal ("portal" or

"website") to the City of Lake City government for the general public (to anyone who accesses the portal).

3. Through this information portal, Defendant makes information available to the public by way of thousands of pages of documents in portable document format ("PDF").

4. In order to meaningfully access PDF documents (also referenced as electronic documents), blind and visually impaired individuals require that electronic documents be saved in an accessible format.

5. Because Defendant's online electronic document content is not available in an accessible format for persons who are blind or low sighted, Defendant has denied Plaintiff Joel Price access to that electronic (PDF) content.

6. Defendant's denial of the benefit of its online content is discriminatory in nature and has resulted in Plaintiff being denied his fundamental right to observe and participate in the democratic process of self-government and in being excluded from the services, programs and activities of Lake City, Florida offers to the public, all of which the ADA and Section 504 were designed to redress.

## JURISDICTION AND VENUE

7. Plaintiff is expressly authorized to bring this action pursuant to Title II of the ADA, 42 U.S.C. §§ 12131-12133, incorporating by reference the remedies, procedures and rights under Sections 504 of the Rehabilitation Act of 1973, 29 U.S.C. §§ 794, 794(a) ("Section 504"), incorporating the remedies, rights and procedures set forth in §717 of the Civil Rights Act of 1964, including the application of §706(f) through §706(k), 42 U.S.C. §§2000e-5(f)-(k).

8. This Court has federal question jurisdiction pursuant to 28 U.S.C. §331 and

42 U.S.C. §12188. This Court's jurisdiction is proper under 28 U.S.C. §§ 451, 1331, 1337, and 1343.

9. Plaintiff has met all conditions precedent to bring this action.

## PARTIES

**Joel Price**

10. Plaintiff Joel Price is a veteran of the U.S. Navy, a resident of the State of Florida, and a qualified individual as defined by the ADA.

11. Plaintiff is legally blind and a member of a protected class under the ADA, 42 U.S.C. §12102(1)-(2), the regulations implementing the ADA set forth at 28 C.F.R. §35.108, as Plaintiff is substantially limited in the major life activity of seeing, specifically 28 C.F.R. §35.108(c)(1).

12. Due to his disabilities, the Plaintiff requires the use and accompaniment of a service animal, as his service animal is a trained seeing-eye dog. Plaintiff's requirement for use of a service animal is defined by 28 C.F.R. §35.104 and Florida Statute §413.08(1)(d).

13. Plaintiff is a qualified and/or otherwise qualified individual with a disability in that Plaintiff is qualified to access Defendant's electronic documents.

14. Due to his disability, the Plaintiff requires that document information be saved in an accessible format such as HTML or an accessible electronic (PDF) format so that he can comprehend (read) that document with screen reader software.

**City of Lake City, Florida**

15. Defendant Lake City, Florida (also referenced as "City of Lake City") is a local government entity, a body corporate and political subdivision of the State of Florida.

Lake City is the county seat of Columbia County, Florida, United States. Lake City first began as the town of Alligator in 1821 near the Seminole settlement known as Alligator Village. Alligator became the seat of Columbia County in 1832 when it was formed from Duval and Alachua counties. In 1858 Alligator was incorporated and renamed Lake City.

16. Lake City, Florida Home Rule give the Lake City Council the ability to create (through a local public hearing ordinance procedure) local laws[1]. This process is done without having to go to the Florida Legislature to request special legislation to create these laws. The City Council is the governing body of the City. Its members are directly elected by the people of Lake City. The City Council members appoint a City Manager who implements Lake City policy and laws and manages the governmental agencies and departments of Lake City. The City Council distributes federal financial assistance through its budgetary and legislative process to Lake City agencies and departments. No person, agency or department is above the City Council.

17. Since Defendant is a public entity it is subject to Title II of the ADA. 42 U.S.C. §12131(1).

18. On information and belief, Defendant is also a recipient and distributor of federal funds and as such, is also subject to the requirements of Sections 504 of the Rehabilitation Act of 1973.

19. On information and belief, the Lake City Council distributes that federal financial assistance to its agencies and departments through its budgetary and legislative activities.

**GENERAL ALLEGATIONS**

20. Defendant offers a service through its online portal www.lcfla.com (its

---

[1] that are not in conflict with or specifically prohibited by state general law or the Florida Constitution

"Website" or "portal") where interested persons can obtain pertinent information regarding the government of Lake City and living and visiting Lake City. Plaintiff is such an interested person.

21. Defendant's portal provides pertinent information on living and visiting Lake City including a Tenant User Insurance Liability Program[2], a City of Lake City Park/Facility Request and Special Event Application[3], and a Notice to Pet Owners of City of Lake City[4]. These types of documents are made available by Defendant to generally inform the public of the services provided by Defendant; therefore, this type of electronic documents also referenced herein as "electronic service documents."

22. Defendant's portal also has publications which are embedded in PDF (electronic) format. These publications contain information on a variety of City of Lake City issues. A few of the publications provided to the public by Defendant include (but are not limited to): A Natural Gas Brochure[5] and a Lake City Police Department 2016 Annual Report[6]. These publications are made available by Defendant to inform the public of pertinent information when living and/or visiting City of Lake City and of the services provided by Defendant for visitors, businesses, and residents. These types of electronic documents (being publications providing a service to the public) are referenced as "electronic service documents."

23. Defendant's Website also contains electronic documents which provide information on Lake City policies and positions which affect the public directly. A sampling of those links to electronic documents (which are also referenced as "electronic

---

[2] www.lcfla.com/documents/ParksAndRec/insurance%20requirements.pdf
[3] www.lcfla.com/documents/ParksAndRec/Darby%20Rental%20Application.pdf
[4] www.lcfla.com/images/stories/documents/growthmanagement/NoticePetOwners.pdf
[5] www.lcfla.com/documents/Utilities/Natural%20Gas/GasBrochure-%20English.pdf
[6] www.lcfla.com/documents/Police/2016%20pd%20annual%20report.pdf

policy documents") is provided herein below:

- City of Lake City Purchase Order Standard Terms and Conditions[7];
- Façade Grant Program Policy Guide 2010-02, CRA Resolution 2010-08 and City Council Resolution 2010-115[8].

24. The Lake City Council meetings make up the bulk of Defendant's legislative history. The Lake City Council meetings have a direct effect on the lives of residents of Lake City (in particular) and citizens of the state of Florida (in general). Interested persons can become informed about the effect of the Lake City Council meetings and the resulting policies, budgets, and services online by viewing the electronic documents generated which reflect the decisions made by the Lake City Council through this portal. Interested persons are able to view thousands of documents related to the government of the City of Lake City (also referenced as "electronic agenda documents") through this portal. An example of electronic agenda documents includes Council City of Lake City Agenda December 17 2018[9], Council City of Lake City Agenda January 16 2018[10] and FY Budget 2019[11]. Through reviewing the agenda documents, interested persons can ascertain what upcoming projects are being negotiated and voted upon, and can find out the direction that Lake City is moving related to issues such as elections, spending (budgets), legislative policies in reference to the use of land and open spaces, codes and regulations in residential areas, public transportation and some other matters.

25. Through perusing the archived agenda documents, interested persons can ascertain what past legislation and projects on which the Lake City Council have voted

---

[7] www.lcfla.com/documents/Procurement/PO%20Terms%20&%20Conditions%204.26.2017.pdf
[8] www.lcfla.com/images/stories/documents/cra/FacadeGrant12-6-10.pdf
[9] www.lcfla.com/documents/CC_AgendaPackets/2018/Agenda%20Packet%20-%20COUNCIL%20-%20REG.%20SESSION%20-%2012-17-2018.pdf
[10] www.lcfla.com/documents/CC_AgendaPackets/2018/CC%20-%20Agenda%20Packets%20-%20COUNCIL%20-%20REG.%20SESSION%20-%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.pdf
[11] www.lcfla.com/documents/Finance/2019%20Budget%20Approved.pdf

regarding social, community, economic growth, and environmental issues which (while voted upon in the past) have a direct effect on current and future events in the City of Lake City. Links to such kind of electronic documents are Advisory Utility Committee Meeting Minutes July 16, 2012[12], City of Lake City Project: Water Utility Expansion for the period September 19, 2005 to April 20, 2016[13] and FY 2016-2017 Finance and Administration Report[14].

26. Online "on-demand" viewing of the Defendant's electronic documents is not an option available to persons with vision disabilities due to the fact that Defendant's electronic documents are provided solely in a *PDF flat surface* format and do not interface with screen reader software which is used by blind and visually impaired individuals for such purpose.

27. **As an active and social Florida resident, Plaintiff is interested in the quality of life of Lake City as well as in the public's ability to participate in legislative affairs of governmental entities (such as by the City Council of Lake City) and the level of environmental concern (regarding global warming and sea level change) and disaster response which would make the City of Lake City a viable visiting and living option.

28. Therefore, Plaintiff is interested in revising and investigating the quality of water, different means of protection and projects to preserve the natural environments, preservation of historical buildings and the resources used by the government of City of Lake City dedicated to evolving certain areas of the city into a more dynamic office, service, financial, entertainment, residential and governmental place.

---

[12] www.lcfla.com/documents/Utilities/CC_-_Minutes_-_CITY_UTILITY_ADVISORY_COMMITTEE_-_07_16_2012.pdf
[13] www.lcfla.com/documents/Finance/12413SR16%20Final%20Lake%20City%20Loan%20Report.pdf
[14] www.lcfla.com/documents/Annual%20Report/2017%20Fiscal%20Year%20Budget%20and%20Administration%20Report.pdf

7

29. Therefore, in December, 2018 Plaintiff visited Defendant's Website with the intent of educating himself about the quality of life and governmental functioning in Lake City. Plaintiff also wanted to find out more about programs, services and activities available to visitors and residents.

30. Because Defendant's electronic documents are not in an accessible format for the blind and visually impaired and are not provided in accessible HTML or PDF format, Plaintiff was prevented from becoming informed about Lake City's governmental functioning, policies, programs, services and activities as Defendant offers to the public because of his vision disability.

31. This exclusion resulted in Plaintiff suffering from feelings of segregation, rejection, and isolation as Plaintiff was left excluded from participating in the community services, programs and activities offered by Lake City in a manner equal to that afforded to others who are not similarly disabled.

32. Due to his inability to comprehend Defendant's electronic documents, on December 19, 2018 Plaintiff wrote a letter to Defendant and informed Defendant that he is legally blind and unable to fully access the electronic documents which Defendant provides to the public with his screen reader software. In that letter, Plaintiff requested Defendant's electronic documents be provided in an accessible format for blind and visually impaired individuals (such as himself). Plaintiff made this request via U.S. mail service.  Plaintiff's letter request is attached hereto as Exhibit A.

33. In January, 2019, Defendant sent a letter in response to the Plaintiff stating Defendant would look into the issues between the software and the Defendant's website. Also, Defendant added that the City's IT Department was working with third-parties to renovate the city's website and accessibility was a primary focus, See Exhibit B.

Defendant's response did not state that the electronic documents which it provides to the public were now accessible, as Plaintiff had requested in his request for accommodation letter (Exhibit A)

34. In February, 2019 Plaintiff again attempted to access Defendant's electronic documents, but those electronic documents remained inaccessible as he still could not comprehend them with his screen reader software.

35. Providing electronic documents in a format that can be recognized by screen reader software and therefore making those electronic documents accessible to the visually impaired would not result in any undue burden to Defendant or would it fundamentally change the nature of Defendant's services, programs, or activities.

36. By Defendant's failure to make the electronic documents on its Website accessible, Plaintiff has suffered feelings of shame, humiliation, isolation, segregation and has been injured by experiencing emotional suffering, pain and anguish as a result of being segregated and prohibited from enjoying the programs, services and activities offered to the public by Lake City.

37. Plaintiff continues to desire to participate in the governmental functioning of the City of Lake City and in the programs, services and activities offered to the public by the Lake City. However, Plaintiff is unable to do so, as he is unable to meaningfully access and comprehend the electronic documents provided to the public by Lake City.

38. Despite the availability of computer programs which allow electronic documents to be preserved in an accessible format and the ease of providing accessible electronic documents, the City of Lake City has failed to modify its policies, processes and procedures. As of this filing, the electronic documents within the Lake City portal remain inaccessible to Plaintiff. This failure is evidence of Defendant's deliberate

indifference to the provisions of the Rehabilitation Act and Title II of the ADA.

39. Plaintiff continues to desire to become involved in (and monitor) the City of Lake City governmental process. However, Plaintiff is unable to do so, as he remains unable to meaningfully access and comprehend the electronic documents provided by Defendant for the public.

40. Plaintiff will suffer continuous and ongoing harm from the Defendant's omissions, policies, and practices regarding its electronic documents unless enjoined by this Court.

41. For all of the foregoing, Plaintiff has no adequate remedy at law.

42. Plaintiff has retained Scott Dinin P.A. and J. Courtney Cunningham PLLC as his legal counsel in this action and has agreed to pay a reasonable attorney fee.

## COUNT I – VIOLATIONS OF TITLE II OF THE ADA

43. As a public entity Defendant City of Lake City, Florida is subject to Title II of the ADA (42 U.S.C. §12131(1)(b)). Therefore, the City of Lake City must:

    a) Provide full and equal enjoyment of its services, programs, and activities in the most integrated setting appropriate to people with disabilities. 42 U.S.C. §12131, *et. seq.*; 28 C.F.R. §35.130(a).

    b) Ensure that no individual with a disability is excluded, denied services, segregated, or otherwise treated differently than other individuals unless the public entity can demonstrate that taking those steps to modify policies, practices, or procedures would fundamentally alter the nature of the service, program, or activity; 28 C.F.R. §35.130(b)(7).

    c) Ensure that no individual with a disability is excluded, denied

services, segregated or otherwise treated differently than other individuals unless the public entity can demonstrate that legitimate safety requirements are necessary for safe operation. Any safety requirements must be based on actual risks and not on mere speculation, stereotypes, or generalizations about individuals with disabilities; 28 C.F.R. §35.130(h).

44. Defendant's document creation and storage on www.lcfla.com is a program, service, or activity within the definition of Title II of the ADA. Title II mandates that no qualified individual with a disability shall, by reason of such disability, be excluded from full and equal participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity (42 U.S.C. §12132).

45. The Department of Justice guidelines on the application of Title II of the ADA state:

> "[T]he Department has taken the position that title II covers Internet Web site access. Public entities that choose to provide services through web-based applications (e.g., renewing library books or driver's licenses) or that communicate with their constituents or provide information through the Internet must ensure that individuals with disabilities have equal access to such services or information, unless doing so would result in an undue financial and administrative burden or a fundamental alteration in the nature of the programs, services, or activities being offered." 28 C.F.R. Pt. 35 app. A, page 126.

46. Defendant's failure to provide its electronic documents as stored on www.lcfla.com in a format accessible to visually impaired individuals who require screen reader software to comprehend those electronic documents is in violation of 42 U.S.C. §12131, *et. seq.*; 28 C.F.R. §35.130.

47. Defendant is required to provide full and equal enjoyment of its services, programs, and activities in the most integrated setting appropriate to people with

disabilities. 42 U.S.C. §12131, *et. seq.*; 28 C.F.R. Part 35.

48. As a public entity, Defendant may not (directly or through contractual or other arrangements) utilize methods of administration that deny individuals with disabilities access to its services, programs, and activities or that perpetuate the discrimination of another public entity; 28 C.F.R. §35.130(b)(3). Presenting electronic documents to the public in an accessible format, in a timely manner, and in a way to protect the privacy and independence of the individual with a disability is a requirement of 28 C.F.R. §35.130(b)(3).

49. As a public entity and pursuant to Title II, Defendant is required to make reasonable modifications in its policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability, unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity; 28 C.F.R. §35.130(b)(7).

50. Meaningful participation in the political process and access to publicly available information needed to participate in the governmental process is a fundamental right. *Johnny Reininger, Jr. v. State of Oklahoma*, Case No.: 5:16-cv-012141 (November 9, 2017) and *Natl Association of the Deaf (NAD) v State of Florida*, 318 F. Supp. 3d 1338 (S.D. Fla. 2018) [DE #28] (June 18, 2018).

51. Defendant's failure to make its electronic documents accessible has impeded Plaintiff from fully accessing the programs, services, and activities of the City of Lake City as offered to residents and visitors so that they can participate in the Lake City government as afforded to the public by Lake City. By such failure, Defendant has discriminated against the visually impaired.

52. As a result of Defendant's inadequate creation, development, and

administration of Defendant's electronic documents, Plaintiff is entitled to injunctive relief pursuant to 42 U.S.C. §12133 to remedy the discrimination.

**COUNT II – VIOLATION OF SECTION 504 OF THE REHABILITATION ACT**

53. Congress enacted the Rehabilitation Act in 1973 to enforce the policy that all programs, projects, and activities receiving federal assistance "… be carried out in a manner consistent with the principles of . . . inclusion, integration, and full participation of the individuals [with disabilities]." 29 U.S.C. §701(c)(3).

54. Section 504 prohibits recipients of federal funding from discriminating against disabled persons and requires that programs or activities operated by a federally funded entity be readily accessible to persons with disabilities; see 28 C.F.R. §42.520.

55. Section 504 requires that no otherwise qualified individual with a disability (on the basis of that disability) be excluded from participation in or be denied the benefit of services, programs, activities, or to otherwise be discriminated against by recipients of federal funding. 29 U.S.C. §794.

56. For the purposes of Rehabilitation Act, the term "program or activity" means all of the operations the public entity that distributes such assistance and each department or agency within that public entity to which the assistance is extended. 29 U.S.C. Section 504, §794(b)(1)(B).

57. As a distributor of federal financial assistance, all of the operations of Lake City (including its www.lcfla.com online portal) are subject to the Rehabilitation Act as a covered program or activity. 29 U.S.C. §794(b)(1)(B).

58. Since the City Council of Lake City distributes federal financial assistance throughout the agencies and departments of Lake City, all of the operations of Lake City are covered under the Rehabilitation Act including Defendant's creation, storage and

providing electronic documents to the public through its www.lcfla.com online portal. For the purposes of this section, the term "program or activity" consists of all of the operations of a distributor of federal financial assistance 29 U.S.C. §794(b)(1)(B)).

59. Defendant's denial of access of its electronic documents to Plaintiff has excluded Plaintiff from participation in the services, programs and activities provided by Lake City to the public, which exclusion has by its very nature subjected Plaintiff to discrimination.

60. As a distributor of federal funds and pursuant to Section 504 the Defendant:

- may not deny a qualified handicapped person the opportunity to participate in or benefit from the aid, benefit, or service; 45 CFR §84.4(b)(1)(i),

- may not deny a qualified handicapped person the opportunity to participate in or benefit from the aid, benefit, or service that is not equal to that afforded others; 45 CFR §84.4(b)(1)(ii),

- may not provide a qualified handicapped person with an aid, benefit, or service that is not as effective as that provided to others; 45 CFR §84.4(b)(1)(iii).

- may not provide different or separate aid, benefits, or services to handicapped persons or to any class of handicapped persons unless such action is necessary to provide qualified handicapped persons with aid, benefits, or services that are as effective as those provided to others; 45 CFR §84.4(b)(1)(iv).

- may not otherwise limit a qualified handicapped person in the enjoyment of any right, privilege, advantage, or opportunity enjoyed by others receiving an aid, benefit, or service; 45 CFR §84.4(b)(1)(vii).

61. As a distributor of federal funds and pursuant to Section 504, Defendant may not (directly or through contractual or other arrangements) utilize criteria or methods of administration (i) that have the effect of subjecting qualified handicapped persons to discrimination on the basis of handicap, (ii) that have the purpose or effect of defeating or substantially impairing accomplishment of the objectives of the recipient's program or activity with respect to handicapped persons, or (iii) that perpetuate the discrimination of another recipient if both recipients are subject to common administrative control or are agencies of the same State; 45 CFR §84.4(b)(4).

62. As a distributor of federal funds and pursuant to Section 504, Defendant is required to:

- evaluate (with the assistance of interested persons including handicapped persons or organizations representing handicapped persons) its current policies and practices and the effects thereof that do not or may not meet the requirements of this part; 45 CFR §84.6(c)(1)(i),

- modify, after consultation with interested persons (including handicapped persons or organizations representing handicapped persons), any policies and practices that do not meet the requirements of this part; 45 CFR §84.6(c)(1)(ii),

- take, after consultation with interested persons (including handicapped persons or organizations representing handicapped persons), appropriate remedial steps to eliminate the effects of any discrimination that resulted from adherence to these policies and practices; 45 CFR §84.6(c)(1)(iii), and

- to designate at least one person to coordinate its efforts to adopt grievance procedures that incorporate appropriate due process standards and that provide for

the prompt and equitable resolution of complaints alleging any action prohibited by this part; 45 CFR §84.7 (a) & (b).

63. Defendant has discriminated against Plaintiff (and other individuals with visual impairments) in the unequal provision of the electronic documents on www.lcfla.com which Defendant provides to the public. As a result, Plaintiff's civil rights have been violated.

64. As a public entity, Defendant knows or should know of the 2003 guidelines provided by the Department of Justice related to providing information to the public in accessible format.

65. Defendant has failed to act on the likelihood of harm each time it has augmented or uploaded new documents on www.lcfla.com without addressing the accessibility of those electronic documents for blind and low sighted individuals. Thus, Defendant has demonstrated deliberate indifference to Plaintiff's federally protected rights in failing to provide equal access to its services, programs and/or activities for blind and visually impaired individuals.

66. Defendant clearly has made a choice on a daily basis in failing to provide effective communication (vis-a-vie its electronic documents on www.lcfla.com). Defendant's deliberate choice has demonstrated deliberate indifference (standard) thus showing intentional discrimination.

67. By Defendant's failure to make electronic documents on www.lcfla.com accessible or to otherwise respond to Plaintiff's request for accommodation in a meaningful manner (as request was sent via U.S. mail to Defendant on December 19, 2018) Defendant's actions further reflect Defendant's deliberate indifference to the rights of the Plaintiff based on Plaintiff's disability.

68. Defendant's ongoing and continuous act of failing to provide effective communication due to its inaccessible Website goes beyond gross negligence and reflect Defendant's deliberate indifference to the rights of the Plaintiff based on Plaintiff's disability. *Liese v. Indian River County Hosp. Dist.*, 701 F.3d 334, (11th Cir. 2012).

69. Plaintiff's injury is a result of Defendant's actions and deliberate indifference to the inaccessibility of the electronic documents within Website it provides to the public (despite Plaintiff's request for accommodation), and Plaintiff is entitled to damages as provided by Section 504.

70. Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have reasonable attorneys' fees, costs and expenses paid by Defendant.

71. For all of the foregoing, Plaintiff has no adequate remedy at law.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff Joel Price hereby demands judgment against Defendant City of Lake City, Florida including a declaratory judgment, pursuant to Rule 57 of the FRCP stating that the Defendant's practices, policies, and procedures have subjected Plaintiff to discrimination in violation of Title II of the ADA and Section 504 of the Rehabilitation Act to permanently enjoin Defendant City of Lake City, Florida from any practice, policy and/or procedure which will deny Plaintiff equal access to the services, programs and activities offered by Defendant City of Lake City, Florida to residents and visitors and in participating in the government of Lake City, as well as:

a) issue a declaratory judgment that Defendant has violated the Plaintiff's rights as guaranteed by Title II of the ADA and Section 504 of the Rehabilitation Act;

b) The Court enter an Order requiring Defendant to update all electronic documents made available to the public to remove barriers in order that individuals with visual disabilities can access the electronic documents to the full extent required by Title II of the ADA and Section 504 of the Rehabilitation Act;

c) enter an Order pursuant to 42 U.S.C. §12188(a)(2) for permanent injunction which directs Defendant to take all steps necessary to bring the electronic documents which it provides on its electronic media into full compliance with the requirements set forth in the ADA, and its implementing regulations, so that all electronic documents are fully accessible to, and independently usable by, blind and low sighted individuals, and which further directs that the Court shall retain jurisdiction for a period to be determined to ensure that Defendant has adopted and is following an institutional policy that will in fact cause Defendant to remain fully in compliance with the law;

d) Order Defendant to retain a qualified consultant acceptable to Plaintiff ("Mutually Agreed Upon Consultant") who shall assist it in improving the accessibility of its electronic documents, so they are accessible to individuals with visual disabilities who require those electronic documents to be in accessible format or provided in HTML format;

e) Order Defendant to engage a (mutually agreed upon) Consultant to perform an automated accessibility audit on a periodic basis to evaluate whether Defendant's electronic documents to be accessible to individuals with visual

        disabilities who require those documents to be in accessible format or provided in HTML format;

f)     award damages in an amount to be determined at trial;

g)     award Plaintiff's reasonable litigation expenses and attorneys' fees; and

h)     award such other and further relief as it deems necessary, just and proper.

Dated this 1st day of May, 2019.

Respectfully submitted,

                                      *s/Scott Dinin*
                                      Scott R. Dinin, Esq.
                                      Scott R. Dinin, P.A.
                                      4200 NW 7th Avenue
                                      Miami, Florida 33127
                                      Tel: (786) 431-1333
                                      Email: inbox@dininlaw.com

                                      *s/Juan Courtney Cunningham*
                                      Juan Courtney Cunningham, Esq.
                                      J. Courtney Cunningham PLLC
                                      8950 SW 74th Court, Suite 201
                                      Miami, Florida 33156
                                      Tel: (305) 351-2014
                                      Email: cc@cunninghampllc.com
                                      *Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 1, 2019 that the foregoing document has been filed using CM/ECF system and as Defendant has yet to enter an appearance, it will be served to Defendant/Defendant's counsel when said counsel enters an appearance (via email).

*s/ Scott Dinin*